GRAHAM and another vs. O'NEIL.

*Garnishment. — Jurisdiction.*

Proceedings in garnishment should not be dismissed on the ground that another court, at the suit of a different plaintiff, has appointed a receiver of the property of the principal debtor, where it does not appear how the garnishee's indebtedness arose, nor whether it was *before* or *after* the appointment of such receiver.

APPEAL from the Circuit Court for *Racine* County.

On the 21st of September, 1858, *Graham* and *Scott* recovered a judgment in the circuit court for Milwaukee county, against the La Crosse & Milwaukee Railroad Company, for $29,000. In August, 1868, said judgment remaining wholly unpaid, an execution was issued against the company, and *O'Neil* was garnished as a debtor thereof, and notified to appear for examination before a court commissioner on the 4th of September. On the day last mentioned, before the hour for such examination, the judge of the Milwaukee circuit court granted an order requiring *Graham* and *Scott* to show cause, before said court on the 21st of that month, why said proceedings in garnishment should not be dismissed; and, meanwhile, staying such proceedings. The cause was then transferred to the circuit court for Racine county. At the hearing, the garnishee read to the court, 1. The affidavit of one of his attorneys, stating that besides the aforesaid judgment of September 21, 1858, the same plaintiffs had recovered a judgment for $11,000 against said La Crosse & Milwaukee Railroad Com-

pany, November 25, 1858, in the Milwaukee circuit court; and that, on the 11th of January, 1860, they recovered a judgment against the same company in the district court of the United States for the district of Wisconsin for $40,000, which was rendered upon the two judgments in the circuit court aforesaid, and had never been vacated nor reversed. 2. The record of a suit in equity, in the nature of a creditor's bill, in said United States court for the district of Wisconsin, brought by Sebre Howard against the La Crosse & Milwaukee Railroad Company and Selah Chamberlain, in which suit said court, on the 9th of June, 1860, appointed a receiver to take immediate possession of all the railroad of said company, with its rolling stock and franchises, and all real or personal property used or connected with said line of road. The records and other papers read by the plaintiffs' counsel need not be stated here. The court made an order dismissing the proceedings in garnishment, and plaintiffs appealed.

*H. S. Orton* and *N. S. Murphey*, for appellants, argued that a judgment is not merged in a second judgment recovered upon it, where the latter affords no higher security than the former. *Preston v. Perton*, Cro. Eliz. 817; *Mumford v. Stocker*, 1 Cow. 178; *Planter's Bank v. Calvit*, 3 S. & M. 199; *Jackson v. Shaffer*, 11 Johns. 513; *Millard v. Whitaker*, 5 Hill, 408; 9 Wend. 53; 5 id. 129, 221; 3 East, 254; 7 Paige, 85. In this case the judgment of the state court was a higher security than that subsequently rendered thereon by the United States court. The latter was not a lien upon real estate until a transcript was duly filed and recorded in the office of the register of deeds of the county where the real estate was situated. Laws of 1858, ch. 50; Laws of 1859, ch. 131; Laws of 1860, ch. 237; R. S. ch. 132, § 49; 17 Wis. 313. The former became a lien upon all the lands of the defendant company in Milwaukee county at the time of its rendition, and such

as it might acquire for ten years thereafter. R. S. ch. 132, § 36. 2. It does not appear but that the indebtedness plaintiffs are seeking to recover arose long after the order appointing a receiver, and was entirely independent of it. 3. Until the garnishee had answered, the circuit court had no power to interfere or make any order in the premises, except to aid the commissioner in enforcing obedience to his proper orders. Laws of 1862, ch. 249, §§ 3, 6.

*Palmer, Hooker & Pitkin*, for respondent :

The filing of the creditor's bill, and the service of process, in the case of Howard against the railroad company, gave Howard a lien upon all the property and effects of the judgment debtor, by placing it under the control of the court; and the appointment of a receiver vested the title of the judgment debtor in the receiver, where it remained at the time these proceedings were instituted. 2 Barb. Ch. Pr., 157, 158 ; Edwards on Receivers, 98 ; *Rutter v. Tallis*, 5 Sandf. 610 ; *West v. Fraser*, id. 653 ; *Mann v. Pentz*, 2 Sandf. Ch. 257 ; *Porter v. Williams*, 5 Seld. 142 ; *Roberts v. R. R. Co.*, 25 Barb. 662 ; Hoffman's Prov. Rem. 504. If, therefore, there was any indebtedness of the respondent to the railroad company, it can be collected only through the receiver. The respondent cannot be accountable both to him and to outside creditors ; and, if liable to either, is certainly liable to the receiver. The suit of Howard against the railroad company is still pending, and the receiver still in office undischarged ; and plaintiffs' proceeding should be arrested until that suit is disposed of. This should be by motion before answer. *Prentiss v. Danaher*, 20 Wis. 311.

COLE, J. We are clearly of the opinion that the order setting aside and dismissing the garnishee proceedings must be reversed. It is attempted to be sustained upon the ground that the indebtedness of the garnishee

to the La Crosse and Milwaukee Railroad Company passed to the receiver appointed by the United States district court, in the case of Sebre Howard against that company. But the difficulty with this position is, that it does not appear what the nature and origin of the alleged indebtedness of the garnishee to the company was. For aught that appears, that indebtedness might have arisen long subsequent to the order appointing the receiver. Whatever relief the garnishee may ultimately be entitled to, surely no reason was shown for dismissing the proceedings at that stage of the cause. The respondent had neither answered nor stated by affidavit what the indebtedness was, if any ever existed. It is therefore utterly impossible to say, until we have some further knowledge of the character and nature of the indebtedness, that it passed to the receiver. What that indebtedness is, out of what circumstances it arose, and whether it existed when the receiver was appointed, are points upon which we must have some light, before we can determine that question. And in the absence of the answer of the garnishee, and of any affidavit upon his part, stating something about his alleged indebtedness to the company, we can neither profitably discuss that question, nor decide whether the garnishee would have any ground for a stay of proceedings upon a proper application made therefor.

*By the Court.* — The order dismissing the garnishee proceedings is reversed, and the cause remanded for further proceedings.